IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYREE M. NEAL, SR.,           )<br>                                              )<br>        Plaintiff,                    )<br>                                              )<br>vs.                                       )           CIVIL NO. 05-807-MJR<br>                                              )<br>TRACY KNUTSON, SONYA J. CARNEY, )<br>JOE GOODRICH and SARA M. )<br>REVELL,                                )<br>                                              )<br>        Defendants.              ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. 28 U.S.C. § 1331; *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Although the complaint (Doc. 1) is devoid of any specific allegations, Plaintiff incorporates by reference a subsequently-filed memorandum (Doc. 5). Very simply, this action concerns the manner in which the Bureau of Prisons collects money from Plaintiff's account pursuant to the Inmate Financial Responsibility Program ("IFRP") to pay the $200 special assessment and the $1,250 fine assessed in his criminal case.[1] As explained in his memorandum, Plaintiff believes that Defendants

---

[1] The manner in which his fine is collected seems to be a very critical matter to Plaintiff; this is his third attempt to challenge this process. He first raised the issue under 28 U.S.C. § 2241; that action was summarily denied on the merits. *Neal v. Veltri*, Case No. 05-cv-104-DRH (S.D. Ill., filed Feb. 17, 2005). Dissatisfied with this outcome, Neal then presented the issue in his criminal case, pursuant to 18 U.S.C. § 3572. *United States v. Neal*, Case No. 00-cr-40101 (S.D. Ill., Doc. 415 filed July 21, 2005). That motion was denied, as § 3572 does not "provide jurisdiction in a criminal case to enforce the way the Bureau of Prisons applies the sentence imposed by this Court." *Id.* at Doc. 428 (filed Oct. 12, 2005).

are liable for breach of contract, for contempt of a court order, for violations of 18 U.S.C. §§ 872, 3572(d)(1), and 371, and for imposing cruel and unusual punishment in violation of his rights under the Eighth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

As summarized by the Honorable David R. Herndon,

> [t]he sentencing Court indicated that payment of Petitioner's fine was to be "paid in full immediately." This language did not delegate any function to the BOP. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999). To the extent Petitioner's arguments are an attempt to challenge the IFRP itself, the challenge fails. "The IFRP has been uniformly upheld against constitutional attack." *Id.* at 887. The purpose of the IFRP is to assist inmates in paying their debts.

*Neal v. Veltri, supra* n. 1, Doc. 4 (filed March 10, 2005). Because Judge Herndon already ruled that Plaintiff has no valid complaint regarding Defendants' requirement that he participate in the IFRP, the claims in the instant action are clearly barred by the doctrine of *res judicata*, or claim preclusion.

As the Seventh Circuit has stated,

> *[r]es judicata* bars suits where there is [1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies." *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005) (internal quotation and citation omitted).  *Res judicata* also bars litigation of claims that "could have been raised" in the previous litigation, but were not.  *Golden v. Barenborg*, 53 F.3d 866, 869-70 (7th Cir. 1995).

*Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006).  In short, the matter has been settled, and Plaintiff cannot again file any lawsuit regarding the manner in which the B.O.P. applies the IFRP to assist him in paying his financial penalties to the federal court.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now **MOOT**.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 11th day of July, 2006.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**